UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL M., <br><br> Plaintiff <br><br> v. <br><br> LEE DUDEK, Acting Commissioner of Social Security, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )    2:24-cv-00077-JAW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDED DECISION**

Plaintiff seeks judicial review of Defendant Social Security Administration Commissioner's determination that Plaintiff was not entitled to disability insurance benefits under Title II of the Social Security Act. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the April 24, 2023, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2).[1] The ALJ's decision tracks the five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520.

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of aortic valve replacement and aortic root replacement. (R. 17.) The ALJ also found Plaintiff had non-severe impairments of atrial fibrillation, high blood pressure, history of cervical spine surgery, and history of Lyme exposure. (R. 18.) The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform light work with some limitations. (R. 20.) Based on the RFC finding, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy and, therefore, he was not disabled. (R. 23.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ erroneously failed to evaluate the severity of Plaintiff's fractured cartilage in his left knee and the resulting limitations when evaluating the medical

2

opinion evidence of record and assessing Plaintiff's RFC. (Plaintiff's Brief at 7, ECF No. 15.) According to Plaintiff, if the ALJ had properly considered the limitations resulting from the knee injury, the RFC would have limited Plaintiff to sedentary work. (*Id.* at 8.)

The expert upon whom the ALJ principally relied, state non-examining consultant James Hall, M.D., reviewed the medical records and found Plaintiff's left knee to be a severe impairment. (R. 77.) The ALJ did not discuss Plaintiff's left knee in his analysis of Plaintiff's impairments and did not include Plaintiff's left knee condition among Plaintiff's severe or non-severe impairments.

Charles Zelnick, M.D., Plaintiff's treating physician, opined that due to severe left knee pain, Plaintiff could never climb stairs and ramps, climb ladders or scaffolds, stoop, crawl, and kneel. (R. 944.) Dr. Zelnick also found that Plaintiff's knee condition limits his ability to stand and walk. (R. 942.)

Defendant acknowledges that the ALJ should have discussed Plaintiff's left knee condition when assessing Plaintiff's impairments. (Defendant's Brief at 3, ECF No. 20.) Defendant argues, however, that at most, the ALJ's failure to discuss Plaintiff's left knee condition would be a harmless Step 2 error—that even if the ALJ should have found Plaintiff's knee condition to be a severe impairment, the ALJ's RFC assessment is nevertheless supported by substantial evidence on the record.

Defendant arguably minimizes the significance of the ALJ's failure to discuss Plaintiff's claimed impairment to his left knee. The ALJ's failure to discuss the condition implicates a more fundamental concern. The ALJ's silence could suggest that Defendant, through the ALJ, might not have considered a claimed impairment as required. *See Guyton*

3

*v. Apfel*, 20 F.Supp. 2d 156, 164 (D. Mass. 1998) ("The Social Security Administration is to consider the impairments that an applicant claims to have or about which the Social Security Administration has received evidence."); 20 C.F.R. § 404.1512(a) ("We will consider only impairment(s) you say you have or about which we receive evidence."). While an ALJ is not required to comment on every piece of evidence, an ALJ should at least comment upon the conditions that a plaintiff claims as impairments. This would seem particularly so where the relevant expert opinions on record describe the condition as a severe impairment.

Whether the ALJ's failure to address Plaintiff's knee condition constitutes a Step 2 error or a more fundamental error, the question is whether remand is warranted. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). For remand to be required, a plaintiff must show that the ALJ's error affected the outcome. Otherwise, remand would be nothing "more than an empty exercise." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000).

Plaintiff contends remand is required because the ALJ's RFC assessment does not include knee-related functional limitations. Plaintiff argues that through the opinion of Dr. Zelnick, he presented evidence of knee-related restrictions which, if incorporated into the RFC, would alter the result. Defendant argues remand is not appropriate because the ALJ supportably relied on the RFC opinion of Dr. Hall, who found Plaintiff's knee condition to be a severe impairment and considered the impairment in his RFC opinion.

Plaintiff challenges the ALJ's ability to rely on Dr. Hall's opinion to support the RFC assessment as it relates to Plaintiff's left knee condition. As part of the RFC assessment, Dr. Hall concluded that Plaintiff's "left knee pain does not correlate with the recent xray findings of MCL calcifications." (R. 80.) Dr. Hall explained that the restrictions he found were "based on s/p aortic valve replacement for bicuspid valve and aortic root replacement." (*Id.*) Dr. Hall attributed the ladder restriction to "anticoagulation" and the other restrictions to the need to "minimize risk of falls." (*Id.*) Dr. Hall plainly considered the evidence regarding Plaintiff's left knee condition (R. 75-76), found the condition to be a severe impairment, and assessed Plaintiff's RFC in that context. To the extent, therefore, that Plaintiff contends Dr. Hall did not consider Plaintiff's left knee impairment in his assessment of Plaintiff's functional ability, Plaintiff's claim fails.

Furthermore, Plaintiff's contention that Dr. Hall improperly dismissed Dr. Zelnick's opinion as addressing an issue within the Defendant's authority does not render Dr. Hall's opinion unreliable. Ideally, Dr. Hall would have reconciled his findings with and commented on Dr. Zelnick's opinions. While his failure to do so might generate a question regarding the weight to give to Dr. Hall's opinion, the weight of any evidence is generally an issue for the ALJ to assess. The Court is not to reweigh the evidence. *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) ("[I]t is not the job of the courts to reweigh the evidence."), *recommended decision adopted*, 2017 WL 2963371 (July 11, 2017). For reasons the ALJ adequately explained, the ALJ was more persuaded with the opinions of Dr. Hall. *See, e.g., Kellie B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-11213, 2023 WL 5154494, at * 11 (E.D. Mich. Aug. 10, 2023) (an

"'adequate discussion'" as one that "'enables the court to undertake a meaningful review of [the ALJ's] findings as to whether the particular medical opinion was supported by substantial evidence.'") (quoting *Terhuna v. Kijakazi*, No. 21-37, 2022 WL 2910002, at *3 (E.D. Ky. July 22, 2022)).

Finally, while Dr. Hall did not comment directly on the limitations determined by Dr. Zelnick, the ALJ did. The ALJ, in part citing Plaintiff's musculoskeletal assessments reflecting normal strength and range of motion, found Dr. Zelnick's opinions, including his opinion regarding Plaintiff's ability to stand and walk, to be inconsistent with the overall record and unpersuasive. (R. 22.) The ALJ's finding is supportable and reveals that although the ALJ did not directly discuss Plaintiff's left knee condition at Step 2, he considered the limitations that Plaintiff contends were necessary because of the condition.

In sum, as Defendant noted, the ALJ's analysis preferably would have included a direct discussion regarding Plaintiff's left knee condition at Step 2. In this case, however, because the ALJ supportably found Dr. Hall's opinion to be persuasive, because Dr. Hall considered and assessed the impairment to Plaintiff's left knee in his RFC assessment, and because the ALJ considered the limitations identified by Dr. Zelnick and supportably found Dr. Zelnick's opinion to be unpersuasive, remand is not warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                            /s/ John C. Nivison
                                            U.S. Magistrate Judge

Dated this 28th day of February, 2025.