UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL M., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   No. 2:24-cv-00077-JAW |
| LEE DUDEK, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION**

On March 13, 2024, Michael M. filed a motion requesting the Court vacate the decision of the Social Security Administration (SSA) Commissioner[1] and remand his case for a new hearing. *Pl.'s Brief* (ECF No. 15). On August 28, 2024, the Commissioner responded in opposition to Plaintiff's motion. *Def.'s Soc. Sec. Resp. Br.* (ECF No. 20). Plaintiff replied on September 11, 2024. *Pl.'s Reply Br.* (ECF No. 22).

---

[1] Plaintiff brought his claim against Martin O'Malley, then Commissioner of the SSA. *Compl.* at 1 (ECF No. 1). However, on February 19, 2025, the President of the United States appointed Lee Dudek as the Acting Commissioner of SSA "pending Senate confirmation of Frank Bisagnano [as] SSA's next Commissioner." Press Release, Social Security Administration, Statement from Lee Dudek, Acting Comm'r, about Commitment to Agency Transparency and Protecting Benefits and Info. (Feb. 19, 2025). The Federal Rules of Civil Procedure provide that:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

FED. R. CIV. P. 25(d). In light of the unequivocal directive of this rule, the Court replaces Mr. O'Malley with the current Acting Commissioner, Mr. Dudek, for the purposes of this order. *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 446 ("Substitution is automatic where, as here, the district court imposed fees against [defendant] only in his official capacity") (citing, inter alia, FED. R. CIV. P. 25(d)).

The United States Magistrate Judge filed his Report and Recommended Decision on February 28, 2025. *Report and Recommended Decision* (ECF No. 25). Plaintiff filed his objection to the Magistrate Judge's Recommended Decision on March 14, 2025. *Pl.'s Objs. to Rep. and Recommended Decision* (ECF No. 26). The Commissioner responded to Plaintiff's objection on March 19, 2025. *Def.'s Resp. to Pl.'s Objs. to the Rep. and Recommended Decision* at 1 (ECF No. 27).

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further proceeding is necessary.

Accordingly, the Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 25) and thereby AFFIRMS the Commissioner's Decision and DISMISSES without prejudice the Plaintiff's Brief (ECF No. 15).

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2025